# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 25, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

147033

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

                                       SC: 147033
                                       COA: 308775

NATHAN LLOYD HEMINGWAY,
        Defendant-Appellant.
                                       Tuscola CC: 11-012121-FH

_____/

On order of the Court, the application for leave to appeal the March 12, 2013 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Tuscola Circuit Court for an evidentiary hearing, pursuant to *People v Ginther*, 390 Mich 436 (1973), as to the defendant's new claim of ineffective assistance of counsel, which is premised on his first trial counsel's alleged conflict of interest. The circuit court shall, in accordance with Administrative Order 2003-03, determine whether the defendant is indigent and, if so, appoint counsel to represent the defendant at the evidentiary hearing. As this Court explained in its order denying leave to appeal in *People v Davenport*, 483 Mich 906 (2009), a presumption of prejudice exists when a defendant's former defense counsel joins the prosecutor's office that is pursuing the case against the defendant. MRPC 1.9(b), 1.10(b). Such a presumption may be overcome, however, if the prosecutor shows that the attorney who had a conflict of interest was properly "screened from any participation in the matter . . . ." MRPC 1.10(b)(1). The circuit court on remand shall determine when the defendant's former counsel's employment with the Tuscola County Prosecutor's office began and whether the prosecution rebutted the presumption of prejudice by showing that the former defense counsel was properly screened from any participation in the matter. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 25, 2013



Clerk

s0918